IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MICHAEL A. FARLEY, )
 )
    Plaintiff, )
 )
v. ) Case No. 14-CV-0008-JHP-PJC
 )
ANTHONY R. STACY, et al., )
 )
    Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant Paul Ross's ("Ross") Motion for Attorney Fees. [Dkt. No. 136]. Plaintiff has responded [Dkt. No. 139], and Ross has filed a Reply [Dkt. No. 144]. The critical issue is whether this case falls within the parameters of 12 O.S. § 936, the Oklahoma statute that permits recovery of attorney fees by a prevailing party in certain specified civil actions. After reviewing the Parties' briefs, and the cases cited therein, the Court concludes that this matter does not fall within the scope of section 936. Accordingly, the Motion for Attorney Fees is **DENIED**.

## BACKGROUND

Plaintiff Michael A. Farley ("Farley") sued Defendant Ross and others, after investing more than $890,000 with the Defendants in 2010-11. Plaintiff alleged, *inter alia,* that Defendants made false representations to induce him to make certain investments. Farley claimed he was promised a 14 percent return and was told that his investment would remain liquid. He claimed that his investment was not liquid and that he was unable to cash out his

investment when he wanted. [First Amended Complaint ("FAC"), Dkt. No. 9, ¶¶ 7-39].

In the FAC, Plaintiff set forth six theories of recovery: 1) violations of the Securities Exchange Act of 1934; 2) violations of the Oklahoma Uniform Securities Act; 3) breach of contract; 4) actual fraud; 5) constructive fraud; and, 6) breach of fiduciary duty. [Dkt. No. 9, ¶¶ 40-134]. Ultimately, the District Court granted Defendants' Motion for Summary Judgment as to all claims, either on substantive or statute of limitations grounds. [Dkt. No. 127]. Ross relies on Farley's contract theory as a basis for an award of attorney fees as a prevailing party pursuant to section 936.[1]

## APPLICABLE LEGAL PRINCIPLES

Like most states, Oklahoma follows the so-called "American Rule," by which each side is responsible for its own litigation costs and expenses. *Nasir v. Fischer*, 2012 WL 2505496, *3 (N.D.Okla. June 28, 2012) (*citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)); *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991). Each side is responsible for its own attorney fees unless the Rule is modified by statute or contractual provision. *Okla. Nat. Gas Co. v. Apache Corp.*, 355 F.Supp.2d 1246, 1252 (N.D.Okla. 2004). Here, Defendant Ross claims entitlement to an award of attorney fees pursuant to 12 O.S. § 936. That statute provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or

---

[1] Ross has cited no authority or posed any argument claiming a right to a prevailing party attorney fee award as to Farley's other five theories of recovery.

2

> sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

12 Okla. Stat. Ann. § 936(A).

To qualify for an award of fees, Ross must be the prevailing party on a claim specified in § 936(A). Oklahoma strictly construes this statute. *Eagle Bluff, L.L.C. v. Taylor*, 237 P.3d 173, 180 (Okla. 2010).

If Ross establishes his entitlement to fees, any such award must be "reasonable." *Morgan v. Galilean Health Enterprises, Inc.*, 977 P.2d 357, 364 (Okla. 1998). The determination of reasonableness and the amount of any fee award are left to the sound discretion of the trial court. *Wilkerson Motor Co. v. Johnson*, 580 P.2d 505, 509 (Okla. 1978).

## DISCUSSION

Ross's argument relies chiefly on dicta from a 1991 opinion of the Oklahoma Supreme Court. In *Kay*, 806 P.2d 648, the court discussed the Legislative History of § 936, particularly the amendments to the statute after its enactment in 1961. In describing the amendatory history of § 936, the court stated:

> These amendments indicate legislative intent to mandate, "shall be allowed", attorney fees in actions to collect money promised, whether evidenced by a promissory note, a negotiable instrument, an account whether for sale of tangible property or labor and services and a bill or a contract for goods sold and delivered.

*Id.* at 651 n.11.

Ross argues that this is an action "to collect money promised" – specifically, the 14 percent return on investment that Farley claimed he was promised. Accordingly, Ross reads the *dicta* in *Kay* as permitting an award of prevailing party fees here. The Court disagrees.

Ross cites one paragraph of dicta from the Kay decision while ignoring the opinion itself. After reviewing the Oklahoma Supreme Court's repeatedly narrow interpretations of § 936, the court said:

> The revisit of our previous opinions confirms the rule of strict application of the "labor and services" provisions of § 936. And, a plain reading of § 936 in view of the amendatory history commands strict application of the statute.

806 P.2d at 651.

The court reiterated that application of § 936 is limited to certain specific categories of contracts:

> As originally enacted, § 936 authorized the award of attorney fees for collection on an open account, and was subsequently amended to include seven additional specific categories evidencing contractual indebtedness sought to be recovered.

*Id.* at 651.

This suit is essentially a claim for fraud in connection with the sale of securities. It does not fit into any of the categories "evidencing contractual indebtedness" set forth in § 936. Thus, *Kay* does not support Ross's attorney fee claim.

Furthermore, *Kay* is just one in a long line of cases that Ross has ignored – cases that expressly state that § 936 will be strictly construed and narrowly interpreted. For example, in *Russell v. Flanagan*, 544 P.2d 510, 512

4

(Okla. 1975), the court sharply limited the application of § 936 to actions for labor or services rendered, rather than a more expansive reading. Seven years later, in *Ferrell Construction Co, Inc. v. Russell Coal Co.*, 645 P.2d 1005 (Okla.1982), the court also rejected a broad reading of the statute, finding an underlying lawsuit was a suit for lost profits, not for labor and services rendered as required by §936.

In *Holbert v. Echeverria*, 744 P.2d 960 (Okla. 1987), the court again emphasized a narrow reading of the statute. The court said:

> The applicability of § 936's labor-and-services provisions is determined by the underlying nature of the suit. If recovery is sought for labor and services, as in the case of a failure to pay for them, the statute applies. Its provisions are inapposite if the suit be one for damages arising from the breach of an agreement that relates to labor and services.

*Id.*, at 966.

In *ABC Coating Co., Inc. v. J. Harris & Sons Ltd.*, 747 P.2d 271 (Okla. 1987), the court reviewed plaintiff's quasi-contract claims and found that

> [N]one of them arose directly from the rendition of labor or services. Any labor or services rendered by ABC were collateral to the other, more important aspects of the venture undertaken … and do no therefore qualify for an award of fees under §936.

*Id.*, at 273.

A proper reading of the <u>entire opinion</u> in *Kay*, *supra*, as well as the Oklahoma Supreme Court cases cited above, makes it clear that § 936 has no applicability here. As the Tenth Circuit Court of Appeals has stated:

> Oklahoma strictly construes § 936. *See Eagle Bluff, L.L.C. v. Taylor*, 237 P.3d 173, 180 (Okla.2010); *see also Specialty Beverages, L.L.C.*, 537 F.3d at 1184 ("[W]e have previously decided

5

that the Oklahoma Supreme Court narrowly interprets all provisions of § 936."). The Oklahoma Supreme Court has limited the "labor or services" clause of § 936 to "actions brought to recover for labor and services rendered." *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla.1991). It has "specifically rejected an interpretation of § 936 which would authorize the courts to award attorney fees to the prevailing party in an action alleging injury that was merely related to a contract for labor and services." *Id.*

*N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 401 Fed.Appx. 341, 344 (10th Cir. 2010).[2]

Section 936 simply does not apply to the circumstances presented in this case. Accordingly, Ross's Motion for Attorney Fees is **DENIED**.

**DATED** this 4th day of September 2015.

_____
Paul J. Cleary
United States Magistrate Judge

---

[2] The *Specialty Insurance* opinion was not released for publication in the Federal reporter and, thus, the Court's citation of the case is subject to the limitations of Fed. Rule of App. P. 32.1 and Tenth Circuit Rule 32.1.

6